Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WOODS, individually and on behalf of all others similarly situated, | Case No. |
| | **Class Action Complaint For Violations Of:** |
| Plaintiffs, | |
| vs. | **1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and** |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., | **2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq.** |
| Defendant. | |
| | **Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

### **Introduction**

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant"), in an effort to deceive consumers and debtors by not providing the requisite notices in its collection letters.

2. In particular, Plaintiff, KEVIN WOODS ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that failed to advise the consumers and debtors that within five (5) days after the initial communication with a consumer in connection with collection of any debt, the debt collector must send them a written notice informing them that, and not limited to, debts will be assumed valid unless disputed within thirty (30) days of the initial communication, that consumers may demand, and debtor collectors must provide, verification of the debt if consumer requests verification in writing within thirty (30) days of the initial communication, and that the balance of debt may increase due to interest and fees in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), and 1692e, respectively.

3. Furthermore, pursuant to *Cal. Civ. Code* §§ 1812.700(a) & (b), debt collectors subject to the FDCPA communicating with California consumers in connection with the collection of alleged debts must, additionally to the requirements of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), *Cal. Civ. Code* § 1788.10, include the following disclosure language in their first written communication with California consumers:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

4. Plaintiff alleges that Defendant omitted such disclosure language from all communications with Plaintiff in connection with the alleged debt described herein.

5. Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

6. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments without apprising them of their rights under both Federal and State laws.

**CLASS ACTION COMPLAINT**

**7.** Thus, Plaintiffs bring class action claims against Defendant, under the Federal FDCPA and the RFDCPA, both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b), respectively.

## <u>Jurisdiction and Venue</u>

**8.** The Court has jurisdiction over Plaintiffs' FDCPA cause of action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiffs' RFDCPA claim pursuant to 28 U.S.C. § 1367(a).

**9.** Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because Defendant does business within the Central District of California, and Plaintiff is a resident of Los Angeles County, California, which is within the Central District of California.

## <u>The Parties</u>

**10.** Plaintiff is a natural person residing in Los Angeles County, State of California who is allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing, thereby rendering him a "consumer" under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §1788.2(h).

**CLASS ACTION COMPLAINT**

**11.** Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

**12.** Furthermore, Defendant is a third party debt collector and is not an officer or employee of a creditor attempting to collect a debt on behalf of the same. Therefore, Defendant is not covered by either subsections (A) or (B) of section (6) of § 1692a of the FDCPA.

**13.** The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

### Factual Allegations

**14.** Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiffs collection letters, including without limitation one dated July 14, 2016 (hereinafter, "the letter").

**CLASS ACTION COMPLAINT**

**15.** The letter to Plaintiff is Defendant's initial communication with Plaintiff in connection with collection on the alleged debt.

**16.** The alleged debt, as described by Defendant in the letter, Defendant attempted to collect from Plaintiff is for $3,395.38 originally owed, allegedly, to United Student Aid Funds, Inc..

**17.** Plaintiff had no contact with Defendant, neither oral, written, nor electronic, until on or about July 14, 2017 when Plaintiff received the letter.

**18.** Nowhere in the letter does Defendant provide Plaintiff notice that unless Plaintiff disputes the debt within thirty (30) days of the initial communication, Defendant will assume the debt's validity.

**19.** Furthermore, Defendant failed to send Plaintiff written notice of such a right within five days of sending the letter.

**20.** Nowhere in the letter does Defendant provide Plaintiff notice that Defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

**21.** Furthermore, Defendant failed to send Plaintiff written notice of such a right within five days of sending the letter.

**22.** Defendant neither informed Plaintiff that the debt will be assumed valid nor informed Plaintiff that Defendant must verify the debt if Plaintiff disputes it at all. That is, Defendant neither made such disclosures within five (5) days of

6
**CLASS ACTION COMPLAINT**

first contact with Plaintiff in connection with debt collection, nor made such disclosures in any subsequent communication.

23. Nowhere in the letter does Defendant provide Plaintiff notice that the current balance may increase due to accrued interest or fees.

24. Furthermore, Defendant failed to make such a disclose of potential interest and fees in any subsequent communication with Plaintiff.

25. Defendant failed to include the disclosure language required by *Cal. Civ. Code* §§ 1812.700(a) & (b) in the letter.

26. Ultimately, Defendant's collection efforts, namely the letter, mislead Plaintiff into believing he lacked rights that he in fact had. Furthermore, Plaintiff felt harassed, anxious, and annoyed as a result of Defendant's conduct.

## Class Allegations

27. Plaintiffs bring this class action on behalf of herself and all others similarly situated ("the Class").

28. Plaintiffs represents, and is a member of the following classes:

   a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in writing that the alleged debt will be assumed valid unless disputed within thirty (30) days;

b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in writing that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days; and

c. All persons residing in the United States, who, within one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that the balance of the alleged debt may increase due to accrued interest or fees.

29. Plaintiff brings this class action on behalf of herself and all other California residents similarly situated ("the Sub-Class"):

a. All persons residing in the California, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in Defendant's first writing the notice requirements of *Cal. Civ. Code* § 1812.700(a).

30. Collectively, the Class and Sub-Class will be referred hereinafter as "the Classes".

**31.** As a result of Defendant's conduct, Plaintiff and members of the Classes have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant mislead Plaintiff and the Classes into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

**32.** Defendant and its employees or agents are excluded from the Classes. Plaintiffs do not know the number of members in the Classes, but believes the Classes members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**33.** This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Classes and is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Classes definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**34.** The joinder of the Classes members is impractical and the disposition of their claims in the Classes action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

9
**CLASS ACTION COMPLAINT**

**35.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

        i. Failed to notify in writing within five (5) days after the communication that the debt will be assumed valid unless consumer disputes the debt within thirty (30) days;

        ii. Failed to notify in writing within five (5) days after the communication that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days; and

        iii. Failed to notify in writing at any time that the balance of the debt may increase due to accrued interest or fees;

    b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

**36.** As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

**37.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Sub-Class predominate over questions which may affect individual Sub-Class members, including the following:

  a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

   i. Failed to provide in its first written communication with Plaintiff and Sub-Class members the disclosure language from *Cal. Civ. Code* § 1812.700(a); and

  b. Whether Plaintiffs and the Sub-Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendant should be enjoined from engaging in such conduct in the future.

**38.** As a person who received the grossly inadequate and misleading collection letters from Defendant, Plaintiff is asserting claims that are typical of the Sub-

**CLASS ACTION COMPLAINT**

Class. Plaintiff will fairly and adequately represent and protect the interests of the Sub-Class in that Plaintiff have no interests antagonistic to any member of the Sub-Class.

39. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

40. Because of the size of the individual Classes member's claims, few, if any, Classes members could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

42. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Classes members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under

**CLASS ACTION COMPLAINT**

the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

44. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

45. A debt collector must make the disclosure required by FDCPA § 1692g(a)(3) which Defendant failed to do.

46. A debt collector must make the disclosure required by FDCPA § 1692g(a)(4) which Defendant failed to do.

47. A debt collector must notify consumers that the alleged balance Defendant is attempting to collect may increase due to accrued interest or fees pursuant to the FDCPA, 15 U.S.C. § 1692e.

48. As a direct proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

**CLASS ACTION COMPLAINT**

**Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendant:

    a.  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

    b.  For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

    c.  For actual damages according to proof;

    d.  For reasonable attorneys' fees and costs of suit;

    e.  For prejudgment interest at the legal rate; and

    f.  For such further relief as this Court deems necessary, just, and proper.

**Second Cause of Action: Violation of the
Rosenthal Fair Debt Collection Practices Act**

49. Plaintiffs incorporate by reference, the preceding paragraphs of this Complaint.

50. A debt collector must make the disclosure required by *Cal. Civ. Code* § 1812.700(a) and must do so in its first writing to consumers in connection with debt collection under *Cal. Civ. Code* § 1812.700(b) which Defendant failed to do.

**51.** Furthermore, pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17.

**52.** Thus by engaging in conduct prohibited by Sections g(a)(3) and g(a)(4) of the FDCPA, Defendant violated the RFDCPA.

**53.** As a direct proximate result of Defendant's conduct, Plaintiff and the Sub-Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Sub-Class members the following relief against Defendant:

    a.  That this action be certified as a class action on behalf of the Sub-Class and Plaintiff be appointed as the representative of the Sub-Class;

    b.  For statutory damages of $1,000.00 for Plaintiff and each member of

**CLASS ACTION COMPLAINT**

the Sub-Class pursuant to *Cal. Civ. Code* §1788.30.

c.  For actual damages according to proof;

d.  For reasonable attorneys' fees and costs of suit;

e.  For prejudgment interest at the legal rate; and

f.  For such further relief as this Court deems necessary, just, and proper.

### **Trial by Jury**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, hereby does demand a jury trial.

Dated: March 6, 2017

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

16
**CLASS ACTION COMPLAINT**